HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| ENTERPRISES INTERNATIONAL, INC., a Washington corporation, on its own behalf, and as a shareholder, on behalf of and for the benefit of L. P. Inc., a Washington corporation,<br><br>Plaintiff,<br><br>v.<br><br>PASABAN, S.A.; SERGIO PASABAN and JANE DOE PASABAN I; ALFREDO PASABAN and JANE DOE PASABAN II; CRISTINA PASABAN and JOHN DOE PASABAN,<br><br>Defendant. | CASE NO. 3:11-cv-05919-RBL<br><br>ORDER<br><br>[Dkt. #36] |

THIS MATTER is before the Court on Defendants' Motion For Protective Order [Dkt. # 36]. The case arises out of a breach of contract and shareholders derivative action on behalf of L.P. Plaintiff Enterprises sued Defendants for infringing on L.P.'s exclusive right to sell and market certain paper and processing equipment in any non-European country. For the reasons stated below, the Motion For Protective Order is GRANTED.

# I. BACKGROUND

Defendant Pasaban manufactures equipment for paper and carton manufacture converting and finishing processes, including "sheeters" and "winders."[1] Plaintiff Enterprises International also manufactures paper processing equipment and has experience in international marketing. During the early 1990s, the two companies decided to join forces to market sheeters and winders internationally through a new, jointly-owned corporation, L. P. The parties entered into a licensing agreement with L. P. that gave it the exclusive right to market and service Pasaban's sheeters and winders to mills in the designated territory, which included any area outside of Europe.

Plaintiff alleges that Pasaban violated the licensing agreement and dealt directly with non-European customers at some point. In November 2011, Plaintiff sued the Defendants for breach of contract, arguing that the Defendants materially breached several of their agreements. Plaintiff's first discovery request asked the Defendants for a description of, and documents relating to, Pasaban's sale and service of the winders or sheeters within the territory designated in the licensing agreement since January 29, 1990.[2] (Selby Dec., Ex. A, at 8-9.)

Defendants attempted to convince Plaintiff to enter into a stipulated protective order to protect Pasaban's customer lists, pricing and margin data, corporate financial records, and other financial information. The proposed protective order would have allowed the Plaintiff, Enterprise employees who needed to know, and Plaintiff's counsel to view and use the documents in connection with the litigation. (Selby Dec., Ex. B, at 3-4.) But the proposed protective order did require that the parties protect confidential information from dissemination

---

[1] A sheeter takes one or more roles of paper and cuts it into sheets of paper. A winder unwinds rolls of paper and cuts the roll into smaller rolls. (Compl. at 4.)

[2] The territory in the licensing agreement appears to be any non-European country.

to nonparties.  (*Id.*)  The Plaintiff responded that it was amenable to an agreed protective order but thought that the proposed order did not narrowly address the documents that Plaintiff's requested.  (Opp'n at 6.)  The parties were unable to come to an agreement about the scope of a protective order.

Defendants now ask the Court to enter a protective order, arguing that Plaintiff's broad discovery request will require that Pasaban reveal its margin information and customer lists.  Plaintiff responds that the protected order is not narrowly tailored to address the requested documents.  Plaintiff voices a specific concern that it will be responsible for protecting information that is discoverable through other means.

## II.  DISCUSSION

Under FED. R. CIV. P. 26(c), a court may issue a protective order to prevent "annoyance, embarrassment, oppression, or undue burden or expense" to the parties.  The civil rules also specifically provide for a protective order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed of be revealed only in a specified way."  FED. R. CIV. P. 26(c)(1)(g).  Before a protective order will be granted, the movant must establish good cause and confer with the other party "in an effort to resolve the dispute without court action."  FED. R. CIV. P. 26.

In this case, Defendants argue that their margin information and customer lists will give their competitors an unfair advantage in a relatively small marketplace.  The Plaintiff contends that the information is not confidential because Defendant does not require that customers keep the information confidential.[3]  As Pasaban points out, minimal communications between

---

[3] Plaintiff also discusses online and print resources that list mills all over the world and sometimes provide information on the equipment used.

1  customers is quite different from a competitor easily acquiring all of the pricing information for

2  the customers because of this lawsuit.  Although the requested protective order is admittedly

3  broad, it still allows the Plaintiff to use the information for any purposes related to litigation.

4  The protective order does not even limit the information to attorney's eyes only.  Plaintiff has not

5  proposed a less broad protective order, and there is no reason for the Court to think that

6  Defendants will use the protective order in bad faith.  If Plaintiff believes that Defendants are

7  abusing the protective order, Plaintiff should bring the abuse to the Court's attention.

8      Plaintiff also fears that it will be "responsible for making sure that no one has access to

9  [Pasaban's confidential] information" under the protective order.  (Opp'n at 12.)  Plaintiff voices

10  concerns that the protective order creates the potential for unproductive satellite disputes

11  involving the order.  Plaintiff's concerns are reasonable, but the Court will handle the concerns

12  as they arise.  The protective order does not require that the Plaintiff scour the Internet in an

13  attempt to make sure the public cannot discover Defendants' customers.  The protective order

14  merely requires that the Plaintiff not personally disclose this information to persons outside of

15  the litigation process and that the Plaintiff only use the information for litigation purposes.

16  The Motion for Protective Order is GRANTED.  Defendants' Proposed Protective Order is

17  entered herewith.

18      IT IS SO ORDERED.

19      Dated this 24th day of October, 2012.

21                                      _____
                                        Ronald B. Leighton
22                                      United States District Judge